# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Cresante,<br><br>        Petitioner/Defendant,<br><br>v.<br><br>United States of America,<br><br>        Respondent/Plaintiff. | No. 16-2049-PHX-ROS (JZB)<br>(No. CR-10-00117-PHX-ROS)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Samuel Cresante has filed a Motion to Dismiss (Doc. 11) his Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) ("Petition").[1]

## I. PROCEDURAL HISTORY

On October 26, 2010, Petitioner pleaded guilty pursuant to a plea agreement. (CR Doc. 38.) In the written plea agreement, Petitioner agreed that he displayed a handgun during an armed bank robbery and pointed a handgun at a bank teller during a second armed bank robbery. (CR Doc. 38 at 6.)

On March 7, 2011, judgment was entered against Petitioner and the Court found Petitioner guilty of violating "Title 18, U.S.C. §§2113(a) and (d), Armed Bank Robbery,

---

[1] Citations to "Doc." are to the docket in CR 16-2049-PHX-ROS. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-10-00117-PHX-ROS.

a Class B Felony offense, as charged in Counts 1 and 3 of the Indictment; Title 18, U.S.C. §924(c)(1)(A)(i,ii), Use of a Firearm During a Crime of Violence, a Class A Felony offense, as charged in Count 4 of the Indictment." (CR Doc. 50 at 1.) The Court sentenced Petitioner to "the custody of the Bureau of Prisons for a term of TWO HUNDRED THIRTY FOUR (234) MONTHS. This term consists of ONE HUNDRED FIFTY (150) MONTHS on Counts 1 and 3, each count to run concurrently, and EIGHTY FOUR (84) MONTHS as to Count 4, to be served consecutively to Counts 1 and 3." (*Id*.)

## II.     MOTION TO VACATE OR SET ASIDE SENTENCE

On June 23, 2016, Petitioner filed the instant habeas Motion, arguing that his sentence was unconstitutional "under *Johnson v. United States*, 135 S. Ct. 2551 (2015.)" (Doc. 1.)

On October 28, 2016, Petitioner's counsel filed a Motion to Dismiss his Petition. (Doc. 11.) Petitioner signed a statement agreeing to the dismissal because "further pursuit of my petition/motion is not in my best interests." (Doc. 11-1 at 1.) Petitioner further stated that "I believe that all that can appropriately be done to pursue my claim has been done" and that "I wish no further proceedings."

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of November, 2016.

Honorable John Z. Boyle
United States Magistrate Judge